IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 21, 2005

## STATE OF TENNESSEE v. LAMONN LEE HARRIS

**Direct Appeal from the Circuit Court for Marshall County**
**No. 16151     Charles Lee, Judge**

_____

**No. M2004-02443-CCA-R3-CD - Filed July 1, 2005**

_____

The defendant, Lamonn Lee Harris, entered an open guilty plea to fourteen counts of forgery, Class E felonies, and one count of theft less than $500.00, a Class A misdemeanor. He was sentenced to an effective sentence of six years as a Range I, standard offender. On appeal, he argues that the trial court erred in denying alternative sentencing and in imposing an excessive sentence. Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which GARY R. WADE, P.J. and JOSEPH M. TIPTON, J., joined.

Andrew Jackson Dearing, III., Assistant Public Defender, Shelbyville, Tennessee, for the appellant, Lamonn Lee Harris.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; W. Michael McCown, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

### I. Facts

This case relates to the theft and forgery of checks by the defendant. The defendant was charged with one count of theft of property and twenty-seven counts of forgery. At the plea acceptance hearing, the State recounted the incriminating proof as follows:

These events all occurred in Marshall County, Tennessee. The victim . . . had a longstanding . . . relationship with the defendant. One that might be described [as] boyfriend and girlfriend. . . . [H]e was the father of her child.

. . . .

. . . [O]n or about April 28th of this year [the defendant] went into her dresser drawer and removed a checkbook, a pad of checks. Proceeded to write those. When she discovered this . . . she called in law enforcement. They began an investigation. The checks were passed at several locations here.

Detective Dac Burrow [conducted an investigation]. He learned several things. He talked to some witnesses at some of the stores, [who] could identify the defendant as having passed the checks. [He also] went to . . . Wal-Mart and received a video tape which show[ed] [the defendant] committing the offense.

. . . Count 1 of the indictment is the misdemeanor theft of the book of checks that occurred on the 28th of April. [The defendant] took check number 1587 on April 28 . . . and wrote that check out for an amount under $100.00. Passed that at the Wal-Mart store here in Lewisburg.

On the next day, April 29th, he took another check, wrote it out for $107.90. Again passed that at Wal-Mart. On the same date he wrote another check out for 21.06 that being 1592, passed that at Wal-Mart. On May 2nd of this year, he took check 1561 for $69.69, wrote that out and again passed that at Wal-Mart. On the same date, May 2nd, he wrote another check out for $25.68, and passed that at Wal-Mart. On the next day, May 3rd, 2004, he wrote check number 1567 for $113.63; passed that at the Wal-Mart store here. On the same day, May 3rd, 2004, check number 1568, he made out for $196.59; passed that at the Wal-Mart store here. On May 3rd, 2004, he wrote another check out for $21.04, her check number 1569; passed that at the Wal-Mart store.

The State then continued to recount other instances where the defendant forged checks and passed them to various merchants between April 28th and May 3rd, 2004. The State also indicated that the victim would testify that all these checks were forgeries and passed without her consent.

The defendant pled guilty to the offenses as charged. At the sentencing hearing, the State entered the defendant's presentence report into evidence, which indicated that the defendant had been previously convicted of a number of offenses including traffic offenses, possession of drugs, assault, and passing worthless checks. The report also showed that the defendant had been previously granted probation, had violated the terms of his probation in the past, and had committed the present offenses while on probation.

The defendant testified that, at the time of his arrest, he was living with his girlfriend, the victim. The defendant stated that they had a son together. The defendant also stated that he was employed at the time of his arrest and had a job available to him if released on probation. He

admitted that during April and May he was addicted to cocaine. He stated he believed that he not only ruined his life but also lost the trust of his girlfriend and son, whom he loved.

The defendant admitted that he had prior convictions and two probation revocations, which he stated were caused by his drug addiction and not paying fines and costs. The defendant asked the trial court to give him a community corrections sentence and allow him to seek treatment for his drug addiction. The defendant also insisted that he would pay any restitution ordered.

At the conclusion of the sentencing hearing, the trial court sentenced the defendant to "one year and six months [on each offense] based solely upon his history of prior convictions." The trial court merged the forgery convictions into the passing of forged instrument convictions because "they [were] theories of the same offense." When determining whether the sentences were to run consecutively or concurrently, the trial court found that "some of these sentences will be ordered to serve consecutively because the defendant has an extensive history of criminal behavior . . . and that these [present] offenses were committed while the defendant was on probation." The trial court ordered the convictions based on the offenses that occurred on the same day to run "concurrent with one another but consecutive to each other which would give the defendant a total sentence of six years."

The trial court denied alternative sentencing finding that "measures less restrictive than confinement have . . . been recently and unsuccessfully applied to the defendant." The trial court also considered the short time period over which the offenses were committed and opined that the State had overcome the presumption of eligibility for alternative sentencing.

## II. Analysis

On appeal, the defendant argues that the trial court erred in sentencing him to confinement when alternative sentencing was warranted rather than incarceration. The defendant also argues that the trial court erred by improperly applying certain statutory enhancement factors in violation of Blakely v. Washington, 542 U.S. ---, 123 S. Ct. 2531 (2004).

Before a trial court sentences a convicted defendant, it must consider (1) the evidence received at the trial and/or sentencing hearing; (2) the presentence report; (3) the principles of sentencing; (4) the arguments of counsel relative to sentencing alternatives; (5) the nature and characteristics of the criminal conduct involved; (6) any mitigating or enhancement factors; (7) any statements made by the defendant in his or her own behalf; and (8) the defendant's potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-103, -210; State v. Imfeld, 70 S.W.3d 698, 704 (Tenn. 2002). The trial court is also required to place on the record its reasons for imposing the specific sentence, including the identification of the mitigating and enhancement factors found, the specific facts supporting each enhancement factor found, and the method by which the mitigating and enhancement factors have been evaluated in determining the sentence. Id. 704-05.

Appellate review of a challenged sentence is a *de novo* review of the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d). This presumption of correctness is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Pettus, 986 S.W.2d 540, 543-44 (Tenn. 1999). However, if the record shows that the trial court failed to consider the sentencing principles and all relevant facts and circumstances, then review of the challenged sentence is purely *de novo* without the presumption of correctness. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). On appeal, the defendant has the burden of showing that the sentence imposed by the trial court is improper. Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Comments.

A defendant is eligible for probation if the actual sentence imposed is eight years or less and the offense for which the defendant is sentenced is not specifically excluded by statute. See Tenn. Code Ann. § 40-35-303(a). In addition, a defendant is presumed to be a favorable candidate for alternative sentencing if the defendant is an especially mitigated or standard offender convicted of a Class C, D, or E felony and there exists no evidence to the contrary. Tenn. Code Ann. § 40-35-102(6). However, this presumption is unavailable to a defendant who commits the most severe offenses, has a criminal history showing clear disregard for the laws and morals of society, and has failed past efforts at rehabilitation. Id. § 40-35-102(5); State v. Fields, 40 S.W.3d 435, 440 (Tenn. 2001).

A trial court shall automatically consider probation as a sentencing alternative for eligible defendants Id. §40-35-303(b). A trial court must also presume favorable candidacy for alternative sentencing unless it is presented with evidence sufficient to overcome this presumption. See Ashby, 823 S.W.2d at 169. The presumption in favor of alternative sentencing may be overcome by facts contained in the presentence report, evidence presented by the State, the testimony of the accused or a defense witness, or any other source, provided it is made part of the record. State v. Parker, 932 S.W.2d 945, 958 (Tenn. Crim. App. 1996). Moreover, entitlement to probation is not automatic and the defendant still bears the burden of proving suitability for full probation. Tenn. Code Ann. § 40-35-303(b), Sentencing Commission Comments; State v. Davis, 940 S.W.2d 558, 559 (Tenn. 1997).

Guidance as to whether the trial court should grant alternative sentencing or incarcerate is found in Tennessee Code Annotated section 40-35-103. Sentences involving confinement should be based upon the following considerations:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant . . . .

Tenn. Code Ann. § 40-35-103.

As a standard offender convicted of Class E felonies, the defendant was presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary. However, the record reflects that the defendant had a prior history of criminal convictions, had several probation violations, and had committed the theft and forgeries while on probation. In denying the defendant alternative sentencing, the trial court found that measures less restrictive than confinement had frequently and recently been applied unsuccessfully to the defendant. The record supports the trial court's denial of alternative sentencing. Therefore, the defendant is not entitled to relief on this issue.

The defendant also challenges his sentences by arguing that the trial court improperly applied certain statutory enhancement factors in violation of Blakely. According to the defendant, Blakely holds that any facts supporting an excessive sentence which are neither admitted by the defendant nor found by a jury violates the Sixth Amendment right to trial by jury. Consequently, the defendant asserts that "all of the twenty-three enhancement factors enumerated in [Tenn. Code Ann.] § 40-35-114, are now prohibited under Blakely, or they are inherent in the charged offense."

According to Tennessee sentencing statutes, the sentencing range for a Range I offender who commits a Class E felony is one to two years. Tenn. Code Ann. § 40-35-112(a)(5). In calculating the sentence for a Class B, C, D, or E felony conviction, the presumptive sentence is the statutory minimum for a Range I offender if there are no enhancement or mitigating factors. See, Id. § 40-35-210(c). If there are enhancement but no mitigating factors, the trial court may set the sentence above the minimum, but still within the range. Id. § 40-35-210(d). A sentence involving both enhancement and mitigating factors requires an assignment of relative weight for the enhancement factors as a means of increasing the sentence. Id. § 40-35-210(e). The sentence must then be reduced within the range by any weight assigned to the mitigating factors present. Id.

Previously, this Court had concluded that Blakely impacted the validity of our statutory sentencing scheme, insofar as our enhancement provisions permitted a trial court to increase a defendant's presumptive sentence based upon facts not reflected in the jury's verdict or admitted by the defendant. See, e.g., State v. Chester Wayne Walters, No. M2003-03019-CCA-R3-CD, 2004 WL 2726034 (Tenn. Crim. App., at Nashville, Nov. 30, 2004), perm. app. denied, (Tenn. 2005). However, recently our supreme court has held that Blakely does not announce a new rule of law or impact the validity of our statutory sentencing scheme. State v. Edwin Gomez and Jonathan S. Londono, No. M2002-01209-SC-R11-CD, --- S.W.3d ----, 2005 WL 856848 (Tenn. Apr., 14, 2005), petition to rehear denied (Tenn. May 18, 2005). Our supreme court opined that Blakely's prohibition against the imposition of an enhanced sentence based upon facts not authorized by a jury verdict rested on the premise that the sentencing scheme was mandatory and imposed binding requirements on all judges imposing sentences. Gomez, 2005 WL 856848, at *18-19 (quoting

<u>United States v. Booker</u>, __ U.S. __, 125 S. Ct. 738, 749 (2005)). According to our supreme court, Tennessee's sentencing scheme does not mandate an increase in sentencing upon the finding of enhancement factors. <u>Id.</u> at *19-22. Instead, Tennessee's sentencing scheme reflects a discretionary process where a trial judge is required to consider enhancement and mitigating factors but is free to exercise discretion when choosing a sentence within the statutory range. <u>Id.</u> at *22. Therefore, our supreme court held that Tennessee's sentencing scheme constitutes a non-mandatory scheme which does not violate the Sixth Amendment right to a jury trial. <u>Id.</u>

Not only is the defendant's <u>Blakely</u> argument misplaced in light of <u>Gomez</u>, but also his argument fails under <u>Blakely</u>. Prior convictions are an exception to <u>Blakely</u> and need not be found by a jury or admitted by the defendant. <u>See</u> <u>Blakely</u>, 124 S. Ct. at 2536. The record clearly reflects that the defendant had the following prior convictions: four counts of driving with a suspended license, numerous traffic offenses, two counts of assault, a weapons offense, two counts of possession of marijuana, and six counts of passing worthless checks. The record also reflects that the trial court sentenced the defendant to "one year and six months [on each offense] based solely upon his history of prior convictions." Accordingly, the defendant's history of prior convictions alone warrant the enhanced sentence of one year, six months per conviction, six months over the one year presumptive sentence. Therefore, we conclude that the trial court properly sentenced the defendant and the issue is without merit.

### III. Conclusion

Based upon the foregoing authorities and reasoning, we affirm the judgments of the trial court.

_____
J.C. McLIN, JUDGE